UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　No. 03-4388

JIMMY JOE JUSTICE,
　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Joseph Robert Goodwin, District Judge.
(CR-98-108)

Submitted: July 24, 2003

Decided: August 1, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Jimmy Joe Justice appeals his ten-month sentence imposed following the revocation of his supervised release. Justice argues the district court mischaracterized the most serious violation of his supervised release as a Class B violation rather than a Class C violation. For the following reasons, we affirm.

Justice was convicted in 1998 following his guilty plea to distributing cocaine, *see* 21 U.S.C. § 841(a) (2000), for which he received a twenty-seven month prison term followed by a three-year term of supervised release, which commenced in July 2000. However, at a hearing in April 2003, Justice essentially admitted to violating his supervision in several respects,[1] including a positive test for methamphetamine. Rather than challenging the majority of the charged violations, Justice argued only that his positive drug test amounted to a Class C violation rather than a Class B violation for sentencing purposes,[2] as the base statutory maximum for the possession that could be inferred from his positive test is one year. *See United States v. Trotter*, 270 F.3d 1150, 1153-54 (7th Cir. 2001) (discussing 21 U.S.C. § 844 (2000)); *U.S. Sentencing Guidelines Manual* § 7B1.1(a)(3) (2002). Finding Justice's § 841 conviction qualified him for the higher, two-year maximum term of imprisonment under § 844, the district court concluded the violation constituted a Class B violation, *see* § 7B1.1(a)(2), and imposed a ten-month sentence followed by twenty-six months of supervised release.

---

[1]Following Justice's objection to an allegation that he had violated the terms of his supervised release by committing larceny, the United States withdrew that charge.

[2]Given Justice's criminal history, the sentencing range for a Class C violation was four to ten months, whereas a Class B violation entailed a six to twelve month sentence.

We find no error in the district court's imposition of a ten-month custodial sentence, for two reasons. First, Justice's arguments are premised on the policy statements of Chapter Seven of the Sentencing Guidelines, which are advisory and nonbinding. *See United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). Second, we find no error in the district court's conclusion that Justice's positive urine screen amounted to a Class B felony. *See Trotter*, 270 F.3d at 1155.

Accordingly, we affirm revocation of Justice's supervised release and his ten-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*