<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5008**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN JEMERSON, a/k/a Bucky,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-01-60)

---

Submitted: May 4, 2005                Decided: May 31, 2005

---

Before WILKINSON and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

John G. Hackney, Jr., LAW OFFICE OF JOHN G. HACKNEY, JR., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Jemerson appeals the district court's order revoking his term of supervised release and imposing a new period of imprisonment. Jemerson was serving a three year term of supervised release consequent to serving a fifty-one month sentence for aiding and abetting cocaine base distribution. After Jemerson admitted to violating the conditions of his supervised release by testing positive for controlled substances on three occasions, the district court revoked his term of supervised release and sentenced him to fourteen months in prison. In this appeal, Jemerson contends that the district court abused its discretion by failing to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), specifically his need for substance abuse treatment, when it revoked his supervised release and when it found that his failed drug tests resulted in a Grade B violation. Finding no abuse of discretion, we affirm.

This court reviews a district court's order imposing a term of imprisonment after revocation of supervised release for abuse of discretion. United States v. Davis, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). In exercising this discretion, the district court must consider the factors set

forth in 18 U.S.C.A. § 3553(a).  See 18 U.S.C.A. § 3583(e)(3) (West Supp. 2004).

Section 3553(a)(2)(D) states that in determining a particular sentence, the court "shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner."  18 U.S.C.A. § 3553(a)(2)(D).  Under 18 U.S.C.A. § 3583(g)(1) (West Supp. 2004), revocation of supervised release is mandatory if the defendant, like Jemerson, possessed a controlled substance in violation of the terms of his supervised release.  However, "[t]he court shall consider whether the availability of appropriate substance abuse programs, or an individual's current or past participation in such programs, warrants an exception . . . from the rule of Section 3583(g)."  18 U.S.C.A. § 3583(d) (West Supp. 2004).

In considering the proper sentence to impose, the district court heard evidence of Jemerson's prior treatment for drug abuse and the potential for his participation in an in-patient treatment program.  We find that implicit in the district court's decision to revoke supervised release and impose a prison term was its consideration and rejection of Jemerson's argument in favor of his placement in an in-patient substance abuse program in lieu of revocation of supervised release.  Accordingly, we find no abuse of discretion.

- 3 -

We also conclude that the district court did not commit plain error by finding that Jemerson's failed drug tests resulted in a Grade B violation under U.S. Sentencing Guidelines Manual § 7B1.1(a)(2) (2004).[*] First, we note that Jemerson's argument is premised on the policy statements of Chapter Seven of the federal sentencing guidelines, which are advisory and nonbinding. Davis, 53 F.3d at 642. Second, a Grade B violation consists of conduct that constitutes any federal, state, or local offense punishable by a term of imprisonment exceeding one year that is not defined as a Grade A violation. USSG § 7B1.1(a)(2). Intentional use of a controlled substance is sufficient to establish possession. See United States v. Clark, 30 F.3d 23, 25 (4th Cir. 1994) (finding voluntary and knowing ingestion constitutes possession). Because of Jemerson's prior drug-related conviction, his possession of controlled substances would subject him to a term of imprisonment exceeding one year. See 21 U.S.C. § 844(a) (2000). Accordingly, Jemerson's conduct resulted in a Grade B violation.

We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Counsel raised this issue pursuant to Anders v. California, 386 U.S. 738 (1967). Because it is raised for the first time on appeal, it is reviewed for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993).