**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4966**
_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

RAYMONT DAVID BROWN,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:11-cr-00136-TDS-1)

_____

Argued: September 21, 2012      Decided: October 11, 2012

_____

Before WILKINSON and DAVIS, Circuit Judges, and Max O. COGBURN, Jr., District Judge, Western District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Gregory Davis, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Terri-Lei O'Malley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

As revealed by a positive test of his urine, Appellant Raymont David Brown possessed cocaine while on supervised release for an earlier conviction for distribution of crack cocaine. Upon its determination that Brown had thereby violated the terms of supervised release, the district court classified the violation as a Grade B violation rather than a less serious Grade C violation, reasoning that Brown could have been prosecuted for a recidivist drug offense under federal law. The court sentenced Brown to 24 months in prison, the statutory maximum revocation sentence. Despite our doubt as to the correctness of the district court's reasoning, because the sentence was neither illegal nor plainly unreasonable, we affirm.

I.

On July 17, 2010, Brown was released under supervision after serving 96 months in prison for distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). J.A. 6. Less than two months later, he tested positive for cocaine. Id. at 7, 21, 26. On May 18, 2011, Brown's probation officer petitioned the district court to revoke Brown's supervised release.[1]

---

[1] J.A. 6-12. The probation officer asserted that Brown had
(Continued)

At a revocation hearing on August 17, 2011, the district court found that Brown had violated the conditions of his release by, inter alia, possessing cocaine. J.A. 26-27. But the court reserved imposing a sentence because the parties disputed whether Brown's most severe violation--possession of cocaine-- was a Grade B or a Grade C violation of supervised release under the advisory sentencing guidelines.[2]

Brown faced a statutory maximum revocation sentence of 24 months in prison. See J.A. 10, 15; 18 U.S.C. § 3583(e)(3). If the court classified his cocaine possession as a Grade B

violated the conditions of his supervised release in numerous ways: (1) testing positive for cocaine; (2) being terminated from a substance abuse treatment program; (3) being convicted in state court of misdemeanor assault and misdemeanor breaking and entering; and (4) failing to work regularly, report to his probation officer, and submit monthly supervision reports. Id. at 6-7. On August 10, 2011, the probation officer amended the petition to allege another violation: a state conviction for misdemeanor resisting a public officer. Id. at 13.

[2] See J.A. 27, 34-37. The parties agreed that the other violations were Grade C violations because they were based on conduct punishable under state or federal law by imprisonment for one year or less. U.S. Sentencing Guidelines Manual § 7B1.1(a) (2003). A Grade B violation is conduct punishable by imprisonment for more than one year. Id. We employ the 2003 edition of the sentencing guidelines manual because that version was in effect at the time of Brown's original sentencing in 2004. See United States v. Smith, 354 F.3d 171, 174 (2d Cir. 2003) ("[S]upervised release sanctions are part of the punishment for the original offense, and . . . . the sanctions of the original offense remain applicable, despite subsequent amendment.") (citing Johnson v. United States, 529 U.S. 694, 700-02 (2000)).

violation, the advisory sentencing range was 21-24 months in prison.[3] If it was a Grade C violation, the advisory sentencing range was only 8-14 months in prison. See U.S. Sentencing Guidelines Manual § 7B1.4.

Brown argued that his possession was a Grade C violation in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).[4] Brown argued that Simmons limited the court to considering only the sentence he could receive for simple possession--8-to-12 months' imprisonment under North Carolina law--not what a hypothetical "worst case" offender could receive. See J.A. 30-34.

The Government conceded that Brown's possession of cocaine was a Grade C violation under North Carolina law, but argued that it was a Grade B violation under federal law. See J.A. 32. Specifically, the Government argued that Brown's possession was a violation of 21 U.S.C. § 844, punishable by up

---

[3] Brown's criminal history category at the original sentencing was VI. J.A. 27. See also U.S. Sentencing Guidelines Manual § 7B1.4 (revocation table) (2003) (providing for an advisory sentencing range of 21-27 months); 18 U.S.C. § 3583(e)(3) (providing a statutory maximum sentence of 24 months for Class C felonies).

[4] See J.A. 30-34. Simmons, which was published the same day as Brown's revocation hearing, held that courts could not rely on hypothetical enhancements or aggravating factors in determining whether a defendant had been convicted of a felony drug offense under the Controlled Substances Act. Simmons, 649 F.3d at 241, 243-50.

4

to two years in prison because Brown had a prior drug conviction--the crime for which he was on supervised release.

Brown countered that the enhanced punishment was not applicable because the Government had not charged him with a separate offense or filed a notice of prior conviction pursuant to 21 U.S.C. § 851.[5] See J.A. 42.

On September 1, 2011, the district court found that Brown's possession was a Grade B violation, reasoning that unpublished Fourth Circuit opinions had affirmed sentences that treated drug possession as a Grade B violation; published and unpublished decisions from other circuits had also affirmed such sentences; and Brown's prior conviction--the underlying offense for which he was on supervised release--made his possession a felony punishable by more than one year of imprisonment under § 844. J.A. 40, 50, 53-54. The court found that Brown had "shown a total lack of respect and disregard for . . . the rules of

---

[5] Section 851 provides that

> No person who stands convicted of a[] [drug] offense . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The parties agree that § 851 has no actual application in revocation proceedings.

supervised release," and imposed "the 24 months that's available as a sentence." Id. at 65, 67.

## II.

## A.

"This Court reviews whether or not sentences imposed upon revocation of supervised release are within the prescribed statutory range and are not 'plainly unreasonable.'" United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010).

To determine if a sentence is plainly unreasonable, we apply a two-step inquiry. First, we determine whether the sentence was "unreasonable at all," see Thompson, 595 F.3d at 546, taking into account "procedural and substantive considerations" and "the unique nature of supervised release revocation sentences," United States v. Crudup, 461 F.3d 433, 438–39 (4th Cir. 2006). A sentence is procedurally unreasonable when the judge improperly calculates the advisory guidelines sentence, fails to adequately explain the sentence after considering the Sentencing Commission's policy statements on violations of supervised release, or fails to consider other pertinent sentencing factors in 18 U.S.C. § 3553(a).[6] See Gall v.

---

[6] These statutory factors include the "characteristics of the defendant," the "nature and circumstances of the offense," and the need to "afford adequate deterrence to criminal
(Continued)

United States, 552 U.S. 38, 51 (2007); Thompson, 595 F.3d at 547; Crudup, 461 F.3d at 438-40. A sentence is substantively unreasonable if the sentencing court fails to sufficiently state a proper basis for its conclusion. See Crudup, 461 F.3d at 440.

If the sentence is procedurally or substantively unreasonable, we proceed to the second step: determining whether the sentence is "plainly unreasonable," that is, "clear[ly]" or "obvious[ly]" unreasonable. Crudup, 461 F.3d at 439 (emphasis in original). A sentence is plainly unreasonable if it contravenes "clearly settled" law. Thompson, 595 F.3d at 548. A sentence is also plainly unreasonable if the appellant's objection would have been indefensible at sentencing because of existing law but a supervening decision prior to appeal has reversed that well-settled law.[7]

### B.

Brown argues on appeal that his sentence is "clearly unreasonable" because the district court abused its discretion in classifying his cocaine possession as a Grade B violation.

conduct." 18 U.S.C. §§ 3553(a), 3583(e).

[7] See Thompson, 595 F.3d at 548 (citing United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005)). In Thompson, we vacated the revocation sentence because the district court had failed to provide any reasons for its sentence, and this failure "contravened clear circuit precedent." Id.

7

See Appellant's Br. 7–10. He contends that, because the Government cannot file a § 851 notice of prior conviction in a revocation proceeding, drug possession during supervised release should be treated as a misdemeanor and, thus, a Grade C violation.[8]

The Government counters that this Court and others have held that "a positive drug test by an individual on supervised release constitutes a Grade B violation," and the notice requirement of § 851 does not apply to revocation proceedings. Appellee's Br. 12–16.

We cannot find that the district court's imposition of the maximum authorized sentence on this record was plainly unreasonable. First, we have published no opinion on the proper classification of drug possession as a violation of supervised release; indeed, we have issued several unpublished per curiam opinions (all predating our en banc decision in Simmons) affirming revocation sentences that construed possession as a

---

[8] See Appellant's Br. 8 ("for a subsequent simple possession offense to be eligible for an enhanced punishment, i.e., to be punishable as a felony, the Controlled Substances Act requires that a prosecutor charge the existence of the prior simple possession conviction before trial, or before a guilty plea") (quoting Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2581–82 (2010)). See also id. at 7–10. Carachuri-Rosendo held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been 'convicted' under [the Immigration and Nationality Act] of a 'felony punishable' as such 'under the Controlled Substances Act[.]'" 130 S. Ct. at 2589–90.

8

Grade B violation.[9]  Thus, the district court did not contradict clearly settled law at the time of the revocation hearing.  See Thompson, 595 F.3d at 548.  Second, a Grade B classification does not violate a supervening precedent, see id., as neither Carachuri-Rosendo nor Simmons addressed drug possession in the context of revocation proceedings.  Finally, in light of the probation officer's allegations of Brown's myriad violations of supervised release, all within one year of his completion of an eight-year custodial sentence, including undisputed convictions in state court for new offenses, we are hard pressed to discern an abuse of discretion by the district court in its selection of an appropriate sentence.[10]  Accordingly, the district court's imposition of a 24 month sentence was not plainly unreasonable.

III.

For the reasons set forth, the judgment of the district court is

AFFIRMED.

---

[9] See United States v. Jemerson, 132 F. App'x 48 (4th Cir. 2005) (per curiam); United States v. Justice, 70 F. App'x 719, 720 (4th Cir. 2003) (per curiam) (citing United States v. Trotter, 270 F.3d 1150, 1153–54 (7th Cir. 2001)); United States v. Griffin, 201 F.3d 438 (table), 1999 WL 1080107 (4th Cir. 1999) (per curiam).

[10] Brown argued on brief, and confirmed at oral argument, that our standard of review is abuse of discretion.

9