**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.12-2523

_____

UNITED STATES OF AMERICA

v.

RONALD SEIBER
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:05-cr-00010-001)
District Judge: Honorable Alan N. Bloch

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 19, 2013

Before: SMITH, GREENAWAY, JR., and VAN ANTWERPEN, *Circuit Judges*.

(Opinion Filed:  March 20, 2013)

_____

OPINION OF THE COURT

_____

VAN ANTWERPEN, *Circuit Judge*.

Ronald Sieber ("Sieber")[1] appeals his sentence from the United States District

Court for the Western District of Pennsylvania for violating the terms of his supervised

_____

[1] Although the indictment and the docket list his name as "Seiber," the correct spelling of
his last name is "Sieber."  (Presentence Investigation Report ("PSR") at 1A.)

release. The District Court found that Sieber, who admitted to testing positive for marijuana on two occasions during his supervised release, had violated the condition that he not possess any controlled substances nor commit any federal, state, or local crime. After reviewing Sieber's prior criminal record, the District Court concluded his conduct constituted a Grade B violation under Section 7B1.1(a) of the United States Sentencing Guidelines ("Guidelines"). Sieber's supervised release was therefore revoked and he was sentenced to twenty-four months less one day imprisonment. For the reasons that follow, we will affirm.

## I. Facts

Because we write solely for the parties, we recite only those facts necessary for disposition. Sieber pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). In August, 2005, he was sentenced to seventy-seven months imprisonment, followed by three years of supervised release. As part of the conditions of his supervised release, Sieber was required to, *inter alia*, refrain from committing another federal, state, or local crime. Additionally, as a result of his history of drug use, which included a prior drug conviction,[2] Sieber was to refrain from using, purchasing, possessing, distributing, or administering any narcotics or controlled substances, except as prescribed by a physician. (*See* Appendix "App." at A38.)

Shortly after Sieber began serving his supervised release, on August 11, 2011, the Probation Office filed a Petition charging Sieber with violating certain conditions of his

---

[2] In August 1996, Sieber was convicted of possession of a small amount of marijuana and possession of drug paraphernalia. (PSR at 8–9.)

parole.[3]  Included in those violations were the commission of two state crimes, for which Sieber served short state sentences after pleading guilty to them.  On January 5, 2012, the Probation Office filed a Supplemental Petition alleging additional violations.[4]  A revocation hearing was then scheduled for May 10, 2012.  Before the hearing, however, the Probation Office filed a second Supplemental Petition, alleging additional violations.[5]  A warrant was then issued for Sieber's arrest.

At the May 10, 2012 revocation hearing, the District Court revoked Sieber's supervised release and sentenced him to twenty-four months less one day imprisonment, to be followed by twelve months of additional supervision.  The District Court based this sentence on the ground that Sieber's two positive tests for marijuana were circumstantial evidence of simple possession, in violation of 21 U.S.C. § 844(a).[6]  Because Sieber's

---

[3] The reported violations included: being charged with state crimes of retail theft, criminal conspiracy, harassment, disorderly conduct, and stalking; testing positive for marijuana use on August 2, 2011; and failing to attend a counseling session scheduled on August 9, 2011.  Sieber admitted to the marijuana use.  (App. at A40–41.)

[4] The Supplemental Petition clarified that Sieber had pled guilty to the state charges of retail theft and harassment.  He was sentenced to ninety days probation on each count, to run consecutively.  The charges of conspiracy, disorderly conduct, and stalking were withdrawn.  (App. at A42–43.)

[5] The second Supplemental Petition reported that Sieber: failed to notify his probation officer within seventy-two hours that he had changed employment or residence; failed to submit his required monthly reporting forms; failed to attend his mental health treatment; failed to find employment; and, on February 23, 2012, again tested positive for marijuana use.  Sieber also failed to report to the Probation Office on March 14, 2012, as instructed, for drug testing and enrollment in treatment.  (App. at A44–45.)

[6] In relevant part, § 844(a) provides:
    It shall be unlawful for any person knowingly or intentionally to possess a
    controlled substance unless such substance was obtained directly, or

record contained a prior drug conviction, the District Court determined Sieber's simple

possession charge could be punishable by a term of imprisonment exceeding one year.

As a result, the District Court found Sieber had committed a Grade B violation under

Guidelines § 7B1.1(a) and he was sentenced accordingly.[7]  Sieber then timely appealed.[8]

---

pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II or this chapter. . . . Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that if he commits such offense after a prior conviction under this subchapter or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years.

21 U.S.C. § 844(a).

[7] There are three grades of supervised release violations: A, B, and C.  U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 7B1.1.  Grade A violations involve "conduct constituting  (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years." *Id.* § 7B1.1(a)(1).  In this context, "controlled substance offense" means an offense which prohibits "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). *See also id.* § 7B1.1 cmt. n.3.  Grade B violations involve "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." *Id.* § 7B.1.1(a)(2).  Grade C violations involve either "a federal, state, or local offense punishable by a term of imprisonment of one year or less," or "a violation of any other condition of supervision." *Id.* § 7B1.1(a)(3).

[8] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291.  We review for abuse of discretion a district court's decision to revoke supervised release. *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).  Factual findings in support of the district court's decision are reviewed for clear error; and questions of law are reviewed *de novo*. *Id.*

## II. Discussion

Under 18 U.S.C. § 3583(e)(3), courts may revoke a term of supervised release and require a defendant "to serve in prison all or part of the term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." Revocation is required when the court concludes that a defendant, while on supervised release, possessed a controlled substance. *Id.* § 3583(g)(1).

In determining whether a defendant, while on supervised release, possessed a controlled substance, we have held that courts may use positive drug tests, or admission of drug use, as "circumstantial evidence of possession of a controlled substance for purposes of 18 U.S.C. § 3583(g)." *United States v. Blackston*, 940 F.2d 877, 891 (3d Cir. 1991). It is not necessary for a defendant to be charged with or found guilty of drug possession in order for the district court to make such a finding. *See United States v. Poellnitz*, 372 F.3d 562, 566 (3d Cir. 2004).

When a defendant violates his supervised release, the court should determine whether the defendant's conduct constituted a Grade A, Grade B, or Grade C violation, and also take into account the provisions of 18 U.S.C. § 3583(e).[9] It was under this

[9] Section 3583(e) incorporates the following sections of 18 U.S.C. § 3553: § 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"); § 3553(a)(2)(B) ("the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"); § 3553(a)(2)(C) ("the need for the sentence imposed . . . to protect the public from further crimes of the defendant"); § 3553(a)(2)(D) ("the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"); § 3553(a)(4) ("the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . [and] the applicable guidelines or

authority the District Court concluded Seiber possessed marijuana in violation of his supervised release, revoked his supervised release, and sentenced him.

Sieber makes several arguments on appeal: (1) that he was never given notice his positive drug tests could be deemed a possession offense, let alone a felony offense; (2) that the government failed to file an information, in accordance with 21 U.S.C. § 851, notifying him his prior drug conviction would be used to enhance his sentence; (3) that the leniency commonly afforded to offenders who possess small amounts of marijuana is inconsistent with the District Court's decision to use the sixteen-year-old prior drug conviction to elevate the simple possession violation here to a Grade B violation; and (4) that the two positive drug tests cannot constitute Grade B violations.[10] Sieber also argues that his sentence was procedurally unreasonable. For the reasons that follow, none of Sieber's arguments is persuasive.

policy statements issued by the Sentencing Commission . . . taking into account any amendments"); § 3553(a)(5) ("any pertinent policy statement . . . issued by the Sentencing Commission . . . subject to any amendments . . . in effect on the date the defendant is sentenced"); § 3553(a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); and § 3553(a)(7) ("the need to provide restitution to any victims of the offense").

[10] Sieber's only objection at the revocation hearing was to the District Court's determination that his positive drug tests, combined with his prior possession conviction, were Grade B violations. Sieber did not agree that the prior possession conviction could be used to "trigger the enhancement up to the felony level" under 21 U.S.C. § 844. (App. at A52–53.) The Government thus alleges the majority of Sieber's arguments were not preserved and should be reviewed under a plain error standard. *See United States v. Albertson*, 645 F.3d 191, 196 (3d Cir. 2011) (plain error rule "allows appellate courts to consider defects at the trial level even when the defendant has failed to lodge an appropriate objection"). Nonetheless, we need not decide the issue of whether Sieber has properly preserved his arguments because, as discussed herein, even assuming he did preserve the issues, his arguments fail under any standard.

## A. Notice of "Possession" Violation

Sieber complains the petitions alleging violations of supervised release did not contain allegations that he possessed a controlled substance, nor did they put him on notice that any such possession could constitute a felony offense. Sieber claims the only factual support for his having violated the condition that he "not commit another Federal, state, or local crime" are the Pennsylvania convictions for retail theft and harassment. Additionally, Sieber claims none of the petitions contained any reference as to how his sixteen-year-old prior drug conviction could be considered a felony offense, and thus, a Grade B violation.

Sieber's arguments miss the point. The violation at issue is Sieber's positive drug tests for marijuana on August 2, 2011 and February 23, 2012, which the District Court found established Sieber had committed simple possession of a controlled substance under Section 3538(g). At the time of his original sentence, Sieber was given written notice of the conditions of his supervised release. Included in those conditions were a prohibition of Sieber using or possessing narcotics or controlled substances. And although it is true that the original petition did not expressly state Sieber had violated the terms of his release by possessing narcotics or controlled substances, the Second Supplemental Petition clearly did. (*See* App. at 40–41, 44–45.) As a result, Sieber cannot contend that he was unaware he may be found to have violated his supervised release by being in possession of marijuana. And he cannot contend that he was unaware of the evidence the government would use to prove that charge—his positive drug tests. Both the charge and the facts the government would use to prove it were plainly stated in

7

the original and supplemental petitions for revoking his supervised release. That information was sufficient for Sieber to prepare his defense, and, thus, complied with his right to notice. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (probationer is entitled to "notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing" (citing *Morrissey v. Brewer*, 408 U.S. 471, 487 (1972)); *United States v. Sistrunk*, 612 F.3d 988, 992 (8th Cir. 2010) ("For notice to be effective, it need only assure that the defendant understands the nature of the alleged violation."); FED. R. CRIM. P. 32.1(b)(2)(A). Moreover, as discussed above, the District Court had authority to determine Sieber had committed a possession offense even though he had not been convicted or charged with such an offense. *See Poellnitz*, 375 F.3d at 566.

Additionally, Sieber alleges he was not given notice that any of his violations of his supervised release would constitute Grade B violations. In support, Sieber points to the "Violation Work Sheet," prepared by the Probation Office, which states Sieber's most serious violation was only a Grade C. (*See* Supplemental Appendix "Supp. App." at 1.) Sieber claims he was unfairly surprised when the District Court determined his most serious violation constituted a Grade B violation, not merely a Grade C violation.

The Government correctly points out that Sieber has cited no authority to support his claim that the District Court was somehow bound by the Grade determination made by the Probation Office; nor does he cite any authority for the proposition that he was somehow entitled to advance notice of the eventual, final Grade for his supervised release

8

violations. This is not surprising, as, post-*Booker*, even the Guidelines themselves are wholly advisory and afford district courts wide latitude. *See United States v. Colon*, 474 F.3d 95, 100 (3d Cir. 2007). Moreover, U.S.S.G. §§ 7B1.1–7B1.5 speak in terms relative to the *court's* authority to revoke supervised release and assign an appropriate sentence. *See* U.S.S.G. §§ 7B1.1–7B1.5. What is more, even the ranges set out in those sections are merely advisory. *See United States v. Schwegel*, 126 F.3d 551, 551 (3d Cir. 1997). In consequence, the fact that the Probation Office determined the relative Grade of Sieber's violations differently than the District Court did is of no consequence. Sieber was not entitled to notice of the specific level of offense he was to eventually receive; he was only entitled to notice of the violations he had allegedly committed so as to prepare his defense. Because he received such notice, Sieber's arguments here fail.

### B.  21 U.S.C. § 851

Sieber alleges that, in order for the District Court to have considered his prior drug conviction in determining his sentence, the prosecutor was required to have charged him as a recidivist and have given him an opportunity to challenge the prior conviction. He bases his argument on 21 U.S.C. § 851, which provides in relevant part:

> [n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

9

21 U.S.C. § 851(a)(1).  Sieber also relies on *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), for the proposition that he is entitled to an opportunity to challenge the prior conviction.  *See Carachuri-Rosendo*, 130 S. Ct. at 2587.

To begin, by its plain language, § 851 does not apply to supervised release proceedings.  That section applies when the government is pursuing a conviction and enhanced sentencing.  But Sieber only faced a revocation hearing, not a new prosecution.  Rather than seeking a new conviction, the government sought only to demonstrate by a preponderance of evidence that Sieber's conduct violated the terms of his supervised release.  The Guidelines' policy statements emphasize that a conviction is not required and that "[t]he grade of the violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding.  Rather, the grade of the violation is to be based on the defendant's actual conduct." U.S.S.G. § 7B1.1 cmt. n.1.  Thus, it does not matter for purposes of supervised release whether or not the government would have sought enhancement if it had brought new criminal charges against Sieber for his possession of marijuana; it only matters what Sieber's possible punishment could be for his actual conduct.  As a result, the notice requirement of § 851 does not apply to Sieber's revocation proceedings.

Moreover, Sieber's reliance upon *Carachuri-Rosendo* is misplaced.  *Carachuri-Rosendo* addressed drug possession and § 851, not in the context of revocation proceedings, but in determining whether certain convictions would disqualify lawful permanent resident aliens from obtaining discretionary cancellation of removal. *Carachuri-Rosendo*, 130 S. Ct. at 2587–88; *see also id.* at 2580 (interpreting whether

10

"second or subsequent simple possession offenses are aggravated felonies under [8 U.S.C.] § 1101(a)(43)").  Accordingly, *Carachuri-Rosendo* does not mandate an alternate result.

Even more generally, except in very limited circumstances, defendants normally do not have a right to collaterally attack prior convictions during sentencing.  *See Custis v. United States*, 511 U.S. 485, 491–96 (1994) (no right to collaterally attack prior convictions unless authorized by statute or to protect constitutional right to counsel); *United States v. Escobales*, 218 F.3d 259, 262–63 (3d Cir. 2000).  In consequence, Sieber's argument fails.

### C.  Leniency for "Small-Time" Drug Offenders

Sieber argues it was error for the District Court to have used the sixteen-year-old prior drug conviction, which involved only a small amount of marijuana, to elevate his simple possession charge to a felony offense.  Sieber argues the weight given to the prior drug conviction was inconsistent with what he refers to as the "common practice" of the federal courts, which purportedly entails granting leniency to offenses involving only small amounts of marijuana.

It is clear that, because of his earlier drug conviction, Sieber's conduct was punishable by more than one year of imprisonment.  *See* 21 U.S.C. § 844(a) (if one commits a possession offense "after . . . [a prior drug-related conviction] . . . he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years").  Indeed, our sister courts have held that a prior drug conviction may be used to raise a simple "possession of a controlled substance" violation from a Grade C to a Grade

11

B violation as conduct violating federal law punishable by more than one year imprisonment. *See United States v. Trotter*, 270 F.3d 1150, 1154 (7th Cir. 2001) (concluding that when deciding whether a defendant's conduct is punishable by more than one year of imprisonment "court[s] must determine whether the conduct is a felony (etc.) after prior convictions are taken into account"); *United States v. Crace*, 207 F.3d 833, 838 (6th Cir. 2000) (permitting court to take into account prior convictions when determining if a defendant's conduct constituted a Grade B violation); *cf. United States v. Bungar*, 478 F.3d 540, 544 (3d Cir. 2007) (explaining there was no dispute as to whether defendant's possession of cocaine could be considered a Grade B violation).

Moreover, Sieber's reliance on any concept of leniency purportedly given to small-time drug offenders is misplaced in the supervised release context. It may be true that, in some instances, small-time drug offenders have been given leniency by prosecutors in the form of favorable plea agreements or recommendations. It also may be true that, in some instances, some leniency has been afforded by trial judges in sentencing or pretrial bond hearings in particular cases. But those proceedings are markedly different from revocation proceedings. Revocation of supervised release does not involve adjudicating whether a probationer is guilty of a crime. *See United States v. Manuszak*, 532 F.2d 311, 317 (3d Cir. 1976). The question presented in determining to what extent, exactly, a probationer has violated his supervised release is governed by observing the probationer's actual conduct and then determining the extent to which that conduct *could* be punishable. *See* U.S.S.G. § 7B1.1. The possible leniency which could—but, necessarily, may not—be afforded by a given prosecutor or a trial judge is of no

12

relevance to determining the extent to which the defendant *could* be punished for conduct committed while on supervised release.[11]  As a result, Sieber's argument fails.

### D.  *Positive Drug Tests as Grade B Violations*

Sieber argues that his having tested positive for marijuana use on two occasions cannot constitute Grade B violations.  Sieber does not argue that the District Court erred in determining his two positive drug tests amounted to his having committed simple possession.  Instead, Sieber argues it was improper for the District Court to "double-count[]" his prior drug charge in determining both his criminal history level and his violation Grade.  Sieber claims that the Guidelines only allow the use of specific instances of criminal history in determining the violation Grade for firearm offenses. (*See* Sieber Br. at 21 (citing U.S.S.G. § 7B1.1 cmt. n.5).)

Although our Court has yet to speak on this issue, our sister courts have not refrained from holding that these circumstances "present[] the unique situation where a single act is relevant to two dimensions of the sentencing guidelines analysis."  *Crace*, 207 F.3d at 838.  *See also United States v. Alessandroni*, 982 F.2d 419, 423 (10th Cir.

---

[11] Of course, 18 U.S.C. § 3553(a)(6), which requires sentencing courts to take into account "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," has been incorporated into the analysis necessary in determining a properly applicable sentence for defendants who violate their supervised release.  *See* 18 U.S.C. § 3583(e).  That is why the District Court took this factor into consideration at the revocation hearing in determining Sieber's sentence.  (*See* App. at A55.)  We discuss that here only to point out that Sieber does not (and, in fact, could not) allege that the District Court neglected to take this factor into account before imposing his sentence.  Instead, Sieber's argument alleges only that it was error for the District Court to have used his prior drug charge to elevate his simple possession to a felony under 18 U.S.C. § 844(a), which, because it would have therefore been punishable by a term of imprisonment for one year or more, constituted a Grade B violation.  For the reasons expressed above, the District Court did not commit error.

13

1992); *United States v. Wyckoff*, 918 F.2d 925, 927 (11th Cir. 1990). Because 21 U.S.C. § 844(a) provides for an elevated sentence for defendants with prior drug convictions, a defendant's prior drug conviction is

> appropriate to count [as] a single factor in assessing the defendant's criminal history category and in calculating the applicable offense level since the two measure different things. The offense level represents a judgment as to the wrongfulness of the particular act. The criminal history category principally estimates the likelihood of recidivism.

*Crace*, 207 F.3d at 838 (quoting *United States v. Campbell*, 967 F.2d 20, 24 (2d Cir. 1992)). As such, the District Court was within its authority to "double-count" Sieber's prior drug conviction: the prior conviction was permissibly "used to establish both the wrongfulness of the instant offense and [Sieber's] potential for recidivism." *Id.* Thus, Sieber's argument that prior convictions should be "double-counted" only when the supervised release violation involves a firearm is incorrect. Prior convictions may be permissibly "double-counted" where they are relevant to determining the possible punishment that could be imposed for the underlying supervised release violation.

As a result, it was proper for the District Court to have concluded that, because Sieber had a prior drug conviction, his commission of simple possession under 18 U.S.C. § 844(a) was punishable by a year or more imprisonment. *See* 18 U.S.C. § 844(a) (if one commits a possession offense "after . . . [a prior drug-related conviction] . . . he shall be sentenced to a term of imprisonment for not less than 15 days but not more than 2 years"). Thus, we conclude the District Court was correct in finding Sieber had committed a Grade B violation, as he had committed "conduct constituting . . . [a]

14

federal, state, or local offense punishable by a term of imprisonment exceeding one year." U.S.S.G. § 7B1.1(a)(2).

### E. Procedural Reasonability

Finally, Sieber contends that his sentence was procedurally unreasonable because the District Court, in treating his positive drug tests as a Grade B supervised release violation, miscalculated his Guidelines range. We conclude that Sieber's sentence was procedurally reasonable.

As described above, courts may revoke a term of supervised release and require a defendant "to serve in prison all or part of the term of supervised release" if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Furthermore, revocation is required when the court concludes that a defendant, while on supervised release, possessed a controlled substance. *Id.* § 3583(g)(1). The court must also determine whether the defendant's conduct constituted a Grade A, B, or C violation, and, if it concludes a term of imprisonment is necessary, it must take into account the Guidelines and factors set forth in 18 U.S.C. § 3553. *Id.* § 3583(e).

As described above, the District Court properly found that Sieber had violated a condition of his supervised release; properly found that, because Sieber, while on supervised release, possessed a controlled substance, it was required to revoke his supervised release; and, because Sieber's possession violation was punishable by one year or more, properly found that Sieber had committed a Grade B violation. Additionally, the District Court took into account the Guidelines' recommended range of

15

imprisonment and considered the relevant § 3553(a) factors before imposing a final sentence. (*See* App. at A52–55.) As a result, we conclude that Sieber's sentence was procedurally reasonable on all accounts.

## III.

For the foregoing reasons, we will affirm the Judgment of the District Court.