**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4385**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

FREEDOM BORN DIVINE, a/k/a Rico Rivers,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, District Judge. (2:11-cr-00168-MSD-TEM-1)

———————

Submitted: November 6, 2013      Decided: December 3, 2013

Before SHEDD and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam.

———————

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, V. Kathleen Dougherty, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freedom Born Divine appeals the fifteen-month sentence imposed upon the revocation of his supervised release term. On appeal, Divine asserts that his revocation sentence was procedurally unreasonable, because the court erred in concluding that his most serious violation—possession of marijuana—was properly classified as a Grade B violation. Finding no reversible error, we affirm.

Generally, we will affirm a sentence imposed upon revocation of supervised release unless the sentence is "plainly unreasonable." See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). We first determine whether the sentence is unreasonable, applying the same general inquiry used to assess the reasonableness of original sentences. Id. at 438. If the sentence is found unreasonable, we must determine whether it is "plainly" so, relying on the same definition of "plain" applied when conducting a plain-error analysis. United States v. Thompson, 595 F.3d 544, 547-48 (4th Cir. 2010).

Because Divine did not challenge in the district court the characterization of his possession-of-marijuana violation as a Grade B violation, we review the issue for plain error. See United States v. Bennett, 698 F.3d 194, 199 (4th Cir. 2012), cert. denied, 133 S. Ct. 1506 (2013). To establish plain error, Divine must show (1) an error occurred, (2) the error was plain,

2

and (3) the error affected his substantial rights. United States v. King, 628 F.3d 693, 699 (4th Cir. 2011). Even if he makes this showing, we will exercise our discretion to reverse "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Powell, 680 F.3d 350, 358 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 376 (2012). "The term 'plain' error is synonymous with 'clear' or 'obvious' error. An error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (some internal quotation marks omitted; citations omitted); see also United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012) ("[W]here we have yet to speak directly on a legal issue and other circuits are split, a district court does not commit plain error by following the reasoning of another circuit.").

Divine asserts that the district court plainly erred in classifying his marijuana possession as a Grade B violation, rather than a Grade C violation. Grade A violations include

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years.

3

U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a)(1), p.s. (2003). Grade B violations include "conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year." USSG § 7B1.1(a)(2), p.s. Grade C violations include conduct constituting any other criminal offense punishable by a year or less of imprisonment or any other violation of a supervised release condition. USSG § 7B1.1(a)(3), p.s. "The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct." USSG § 7B1.1 cmt. n.1.

The parties agree that Divine's conduct would be punishable as a federal offense under 21 U.S.C. § 844(a) (2012), which criminalizes the simple possession of a controlled substance. A person who violates this provision and has no prior drug conviction is subject to a maximum sentence of one year of imprisonment. Id. However, a person who violates this provision and has a prior drug conviction is subject to a sentence of fifteen days' to two years' imprisonment. Id.

Although Divine's criminal history reveals at least one prior controlled substance conviction, he asserts that this prior conviction is not "conduct" relevant in determining the classification for his supervised release violation. He relies

4

upon both Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), and United States v. Simmons, 649 F.3d 237, 243 (4th Cir. 2011) (en banc), to argue that the court could not consider the recidivist enhancement for his hypothetical § 844(a) offense because the Government was unable to comply with the protections of 21 U.S.C. § 851 (2012) in the context of a revocation proceeding. He also identifies authority affirming revocation sentences for simple possession violations that were classified as Grade C violations.

In response, the Government argues that the district court did not err in classifying Divine's offense as a Grade B violation, as Divine was eligible for the recidivist enhancement due to his prior conviction, and § 851 notice requirements are inapplicable in the supervised release context. The Government also distinguishes Carachuri-Rosendo and Simmons and identifies unpublished cases affirming revocation sentences in which simple possession violations were classified as Grade B violations.

Ultimately, we need not resolve this dispute, as any error by the district court was not "plain." The district court's conclusion that Divine's marijuana possession was a Grade B offense is supported by unpublished authority from this circuit, e.g., United States v. Jemerson, 132 F. App'x 488, 489-90 (4th Cir. 2005) (No. 04-5008); United States v. Justice, 70 F. App'x 719, 720 (4th Cir. 2003) (No. 03-4388), as well as

5

authority from other circuits, see United States v. Trotter, 270 F.3d 1150, 1154 (7th Cir. 2001) (recognizing that, when determining whether defendant's conduct is punishable by more than one year of imprisonment in context of supervised release revocation, "court must determine whether the conduct is a felony (etc.) after prior convictions are taken into account"); United States v. Crace, 207 F.3d 833, 837-38 (6th Cir. 2000) (permitting court to consider prior convictions when determining whether conduct was properly classified as Grade B violation); United States v. Seiber, 516 F. App'x 208, 214-16 (3d Cir. 2013) (No. 12-2523) (rejecting argument, under Carachuri-Rosendo, that § 851 notice was required to apply recidivist enhancement when determining possible penalty for simple possession, and concluding recidivist simple possession is Grade B violation); United States v. Jackson, 510 F. App'x 149, 155-56 (3d Cir.) (No. 12-2390) (rejecting argument that supervised release violation based on simple possession could not be Grade B felony unless Government filed § 851 information), cert. denied, 133 S. Ct. 1477 (2013).  Moreover, to the extent Carachuri-Rosendo and Simmons may provide support for Divine's conclusion that his conduct was a Grade C violation, they do not clearly compel that conclusion, as they do not address drug possession in the context of revocation proceedings.  Thus, while this circuit's unpublished authority finding simple possession offenses as

6

Grade B violations predates both <u>Carachuri-Rosendo</u> and <u>Simmons</u>, neither <u>Carachuri-Rosendo</u> nor <u>Simmons</u> so clearly abrogates the court's prior reasoning as to require reversal for plain error. The district court's classification of Divine's conduct as a Grade B offense therefore did not run afoul of any settled law and was not obviously incorrect under available authority.

Because Divine cannot demonstrate plain error, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7