**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4298**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

CARL PERNELL,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:03-cr-00282-FL-1)

─────────────

Submitted:  November 20, 2014      Decided:  November 24, 2014

─────────────

Before KING and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Pernell appeals the forty-eight-month upward variant sentence imposed following the revocation of his term of supervised release. Before this court, Pernell asserts that the district court procedurally erred in classifying the most significant of his four supervised release violations as a Grade A violation and maintains that remand is necessary to allow the court to conduct its variance analysis based on what he contends is the correct, lower policy statement range. For the reasons that follow, we disagree that remand is necessary and affirm the revocation judgment.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). A revocation sentence that is both within the applicable statutory maximum and not "plainly unreasonable" will be affirmed on appeal.[*] United States v. Crudup, 461 F.3d 433, 437-38 (4th Cir. 2006). In determining whether a revocation sentence is plainly unreasonable, we first assess the sentence for reasonableness, utilizing "the procedural and substantive considerations"

---

[*] It is undisputed that Pernell's sentence is within the applicable five-year statutory maximum. See 21 U.S.C. §§ 841(a)(1), 846 (2012); 18 U.S.C. §§ 3559(a)(1), 3583(e)(3) (2012).

2

employed in evaluating an original criminal sentence. Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered both the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors identified in 18 U.S.C. § 3583(e) (2012). Id. at 439. The district court must also explain the chosen sentence, although this explanation "need not be as detailed or specific" as is required for an original sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). A sentence is substantively reasonable if the district court states a proper basis for concluding that the defendant should receive the sentence imposed. Crudup, 461 F.3d at 440.

If, after considering the above, we decide that the sentence is reasonable, we will affirm. Id. at 439. Only if we find the sentence to be procedurally or substantively unreasonable will we evaluate whether it is "plainly" so. Id.

Assuming, without deciding, that the district court erred in determining that the most serious of the four alleged violations qualified as a Grade A violation, we readily conclude that the error is harmless. See United States v. Savillon-Matute, 636 F.3d 119, 123-24 (4th Cir. 2011) (explaining the harmless error analysis employed when evaluating claims of

3

procedural sentencing error).  It is abundantly clear from the record that the court would impose the same sentence regardless of whether the violation was a Grade A or a Grade B violation; indeed, the district court said as much at the close of the revocation hearing.

Pernell avers that the error is not harmless because the district court's explanation for the variance is insufficient to justify what amounts to a more extensive variance.  We cannot agree.  The district court offered a robust and persuasive explanation for the sentence it selected, which was rooted in the relevant § 3553(a) factors.  First, the district court was concerned by the fact that, despite the court's prior lenient treatment, Pernell still did not abide by the terms of his supervised release in that he frequently used and sold drugs.  See Crudup, 461 F.3d at 440 (holding that imposition of statutory maximum term of imprisonment was substantively reasonable, given that the district court expressly relied on defendant's "admitted pattern of violating numerous conditions of his supervised release[,]" despite several extensions of leniency by the district court).  In addition to Pernell's repeated and unabated drug use, the court also predicated its sentencing decision on Pernell's five-year period of abscondence from supervision.

4

These facts demonstrate the severity of Pernell's breach of the court's trust, see Webb, 738 F.3d at 641 (citing to Chapter Seven of the Sentencing Guidelines, which instructs that a supervised release revocation sentence "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)), and we conclude that this explanation is more than sufficient to justify the variant sentence — regardless of the starting point for the variance. See United States v. Brown, 495 F. App'x 300, 304 (4th Cir. 2012) (unpublished after argument) (affirming revocation judgment against assignment of error in classifying violation conduct because, on the relevant record, this court was "hard pressed to discern an abuse of discretion" in the district court's decision to impose the statutory maximum sentence), cert. denied, 133 S. Ct. 1302 (2013). Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED